# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES LAMISON, | ) |
|     Plaintiff | ) ) ) |
| v. | ) Case No. |
| FERGUSON ENTERPRISES, LLC., FERGUSON FIRE & FABRICATION, INC., And KLINT LUDGWIG, | ) ) ) ) |
|     Defendants. | ) ) |

## DEFENDANT FERGUSON ENTERPRISES, LLC'S AND DEFENDANT FERGUSON FIRE & FABRICATION, INC.'S NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Ferguson Enterprises, LLC ("Ferguson Enterprises") and Defendant Ferguson Fire & Fabrication, Inc. ("Ferguson Fire & Fabrication") (collectively "the Company Defendants") hereby remove this cause of action to the United States District Court for the Western District of Missouri from the Circuit Court of Jackson County, Missouri.[1] In support of this Notice of Removal, the Company Defendants state as follows:[2]

### Procedural Background

1.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is therefore one that may be removed to this Court by the Company Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, as more fully explained below.

---

[1] The Company Defendants remove this case without admitting they were timely served and without admitting that any court has personal jurisdiction over the Company Defendants.
[2] *See* **Exhibit A**, Civil Cover Sheet.

HB: 4863-1449-8863.3    1

Case 4:22-cv-00546-LMC   Document 1   Filed 08/22/22   Page 1 of 13

2. On June 10, 2022, Plaintiff James Lamison ("Plaintiff") commenced this action against the Company Defendants and Defendant Klint Ludwig ("Defendant Ludwig") in the Circuit Court of Jackson County at Kansas City, Missouri (Case No. 2116-CV12857). *See* **Exhibit B**, State Court Docket. Plaintiff alleges two claims against the Company Defendants: Count I - retaliation in violation of the Missouri Human Rights Act ("MHRA") (Mo. Rev. Stat. § 213.070); and Count II - violation of Missouri's "Letter of Dismissal Statute," (Mo. Rev. Stat. § 290.140). *See* **Exhibit C**, Pl.'s Amend. Pet.

3. In his Amended Petition, Plaintiff also fraudulently joined an alleged cause of action for "defamation" against Defendant Ludwig, *see id.*, even though Missouri's intra-corporate immunity precludes that cause of action as a matter of law, as more fully explained below.

4. On June 23, 2022, Defendant Ludwig was served with process. *See* **Exhibit B**, State Court Docket.

5. On July 21, 2022, Defendant Ludwig filed a motion to dismiss or alternatively to sever Count III (Defamation) of Plaintiff's Petition. *Id.*

6. On July 22, 2022, the Company Defendants were purportedly served with process. *See id.*[3]

7. After Defendant Ludwig timely filed his motion to dismiss or alternatively to sever Count III, Plaintiff amended his Petition on July 29, 2022 (hereinafter "Amended Petition"). *Id.*

8. On August 8, 2022, Defendant Ludwig filed a motion to dismiss or alternatively to sever Count III of Plaintiff's Amended Petition. *Id.*

---

[3] The Company Defendants do not admit they were timely served or that any court has personal jurisdiction over them.

9. On August 18, 2022, Plaintiff filed his Opposition to Defendant Ludwig's Motion to Dismiss or Sever Count III of the Amended Petition. *Id*.

10. As of the filing of this Notice of Removal, the Missouri Circuit Court of Jackson County has not ruled on Defendant Ludwig's motion to dismiss or alternatively to sever Count III. *Id.*

### This Removal Notice is Timely Filed and Satisfies All Prerequisites

11. Federal courts within the 8th Circuit, including this Court, have consistently concluded that a separately served defendant has thirty days "from the date on which that particular defendant was served" in which to file for removal. *See Adams v. Lederle Labs.*, 569 F. Supp. 234, 243 (W.D. Mo. 1983); *see also Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp. 2d 1107, 1111 (E.D. Mo. 2001).

12. The State Court file, which includes any and all processes, pleadings and orders to date, is attached as **Exhibit B**, pursuant to 28 U.S.C. § 1446(a).[4]

13. The Company Defendants were first purportedly served on July 22, 2022. *See* **Exhibit B**.

14. Thirty days from July 22, 2022, is August 21, 2022, which is a Sunday, pushing the removal deadline to Monday, August 22, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

15. Because this Notice of Removal is filed on or before August 22, 2022, it is timely.

16. Venue for this removal action is proper in the United States District Court for

---

[4] Defendant Ludwig filed a Reply in Support of His Motion to Dismiss Count III of Plaintiff's Amended Petition on August 22, 2022, before this Notice of Removal was filed. Defendant Ludwig's Reply has not yet been entered into the state court's record, and, as such, is attached here as **Exhibit B-2**.

the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Jackson County, Missouri, in which Plaintiff filed his Petition and Amended Petition, and so removal to this Court is proper in accordance with 28 U.S.C. § 1441(a).

17. Pursuant to Local Rule 3.2, the Western Division of the United States District Court for the Western District of Missouri is the proper venue because Plaintiff filed his Petition and Amended Petition in the Circuit Court of Jackson County, Missouri.

18. No claim in this matter has been made non-removable by statute.

19. The Company Defendants will further provide written notice of removal to Plaintiff, as well as to the State Court by filing a copy of this Notice with the Circuit Court of Jackson County, Missouri, pursuant to 28 U.S.C. § 1446(d).

**Diversity Jurisdiction Exists**

20. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists among the properly joined parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

A. **Complete Diversity Exists Among the Properly Joined Parties.**

21. Plaintiff is a Missouri citizen. *see* **Exhibit C**, Amend. Pet. ¶ 3.

22. For purposes of evaluating diversity of citizenship, the citizenship of an LLC includes the citizenship of all of its members. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

23. Defendant Ferguson Enterprises, LLC is, and was at the time of the filing of this removal, a single-member limited liability company, wholly owned by its sole member, Ferguson US Holdings, Inc. *See* **Exhibit D**, Cooper Aff. ¶¶ 4-6.

24. Ferguson US Holdings, Inc. was created and is established under the laws of

Virginia, and has its headquarters located in Newport News, Virginia, where the officers and directors engage in direction, control, and coordination of the cooperation's activities. *See* **Exhibit D**, Cooper Aff. ¶ 6.

25. Therefore, Ferguson Enterprises, LLC is a Virginia limited liability company, headquartered in Newport News, Virginia. *See* **Exhibit D**, Cooper Aff. ¶ 5.

26. Ferguson Enterprises, LLC's officers and directors are located in Newport News, Virginia, which is also where the officers and directors engage in direction, control, and coordination of the company's activities. *See* **Exhibit D**, Cooper Aff. ¶ 5.

27. Ferguson Enterprises, LLC is therefore solely a citizen of Virginia.

28. Similarly, Defendant Ferguson Fire & Fabrication, Inc. is and was at the time of the filing of this removal a corporation organized under the laws of the State of California, with its principal place of business in Newport News, Virginia. *See* **Exhibit D**, Cooper Aff. ¶¶ 7-8.

29. Ferguson Fire & Fabrication is a citizen of only California and Virginia.

30. Since neither Ferguson Enterprises, LLC, nor Ferguson Fire & Fabrication, Inc., is a Missouri citizen, complete diversity exists among the properly joined parties in this case.

**B.  Defendant Lamison's Citizenship Must Be Disregarded Because He Was Fraudulently Joined**

31. In addition to the diverse Company Defendants in this case, Plaintiff also fraudulently joined Defendant Ludwig in an attempt to avoid this Court's diversity jurisdiction, and so his citizenship must be disregarded for purposes of determining whether complete diversity exists. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *see also Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (Missouri courts have "long recognized fraudulent joinder as an exception to the complete diversity rule").

32. A plaintiff fraudulently joins a claim in an action in an improper attempt to

circumvent federal court diversity jurisdiction "when there exists no reasonable basis in fact or law supporting a claim against the resident defendants." *Filla v. Norfolk & Southern Ry.*, 336 F.3d 806, 810 (8th Cir. 2003); *see also Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021) (finding it "well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent").

33.     Here, Plaintiff asserts a defamation claim against Defendant Ludwig, his former co-worker who does not hold a supervisory position with Defendant Ferguson Fire & Fabrication.

34.     Plaintiff's defamation claim is based on allegedly defamatory statements Defendant Ludwig made to their mutual employer's[5] "managers, officers, or supervisors." *See* **Exhibit C**, Amend. Pet., Count III. Specifically, Plaintiff alleges Defendant Ludwig "falsely accus[ed] Plaintiff of threatening him by getting in his face and verbally accosting him," and further "accusing Plaintiff of defacing a knife and leaving it for [Defendant] Ludwig to find." *Id.* at ¶¶ 65, 68.

35.     Throughout his Petition, Plaintiff claims that these allegedly defamatory "lies" also formed the "false" reason the Company Defendants gave Plaintiff for his allegedly unlawful termination: Plaintiff's "tak[ing] matters into his own hands" and engaging in threatening conduct towards Defendant Ludwig. *See id.* at ¶¶ 31-33, 41-43, 49, 54, 58, 60, 65, 68, 70, 75 (alleging

---

[5] In the Amended Petition, Plaintiff identifies his and Defendant Ludwig's employer as "Ferguson Fire & Fabrication, Inc." and/or "Ferguson Enterprises, LLC," claiming both entities "jointly operate the facility located at 6100 Paretta Drive, Kansas City, Missouri 64120," and so Plaintiff refers to both interchangeably as "Ferguson." While the Defendant Companies deny that Ferguson Enterprises, LLC actually employed Plaintiff, Plaintiff's allegations nonetheless demonstrate that the defamation claim asserted against Defendant Ludwig is baseless and barred as a matter of Missouri law by the intra-corporate immunity doctrine.

Defendant Ludwig falsely told management that Plaintiff engaged in threatening conduct); *see also* **Exhibit E**; (service letter sent to Plaintiff setting forth the Company's reason for ending Plaintiff's employment); **Exhibit F**, Papik Aff. at ¶ 6 (authenticating service letter).

36. However, Missouri law bars Plaintiff's defamation claim because the well-established intra-corporate immunity doctrine protects Defendant Ludwig's reports of Plaintiff's threatening conduct to their supervisors.

37. Specifically, Missouri Courts have consistently held that statements made to an employer's managers, officers and supervisors — such as reports or accusations of threatening, harassing, or other inappropriate conduct — are protected by intra-corporate immunity and cannot support a defamation claim as a matter of law. *See Lovelace v. Van Tine,* 545 S.W.3d 381, 384 (Mo. Ct. App. 2018) (affirming grant of motion to dismiss defamation claim because intra-corporate immunity rule barred suit based on allegedly defamatory statements that a co-worker made to supervisors); *see also Dean v. Wissman*, 996 S.W.2d 631, 633-34 (Mo. Ct. App. 1999) (recognizing that employee statements concerning a co-worker made to management "fell within the intra-corporate immunity rule"); *Lovelace v. Long John Silver's Inc.*, 841 S.W.2d 682, 684-85 (Mo. Ct. App. 1992) (affirming dismissal of libel claim stemming from employee's complaint of sexual harassment to supervisor based on intra-corporate immunity).

38. Such statements as those relied on by Plaintiff in sole support of his defamation claim are sensibly protected from legal liability because employees must be able to bring personnel matters to the attention of supervisors without risk of liability. *See Van Tine*, 545 S.W.3d at 384; *see also Dean*, 996 S.W.2d at 634-35 (reasoning that if an employee's communications to supervisors were not protected, "then no corporation could ever receive communications from employees which concerned the business of the corporation"); *see also* **Exhibit F**, Papik Aff. at

¶¶ 7-10 (Plaintiff's co-worker, Defendant Ludwig, complained about Plaintiff's threatening to Branch Manager Papik).

39. As demonstrated by this very case, and the statements Plaintiff now complains of as being "defamatory," the intra-corporate immunity prevents an employee from having to balance a co-worker's physically threatening conduct against the incredible burdens and stresses that come with being an individually named defendant in a lawsuit. *See Gardner v. Stelzer*, 568 S.W.3d 48, 51 (Mo. Ct. App. 2019) (recognizing risk that the "considerable expense and inconvenience" of litigation may be unfairly imposed on individual defendants); *see also Dean*, 996 S.W.2d at 634-35; *Van Tine*, 545 S.W.3d at 384-85 (Mo. Ct. App. 2018) (applying intra-corporate immunity in affirming grant of motion to dismiss, reasoning that "[e]mployees must be able to bring personnel matters to the attention of supervisors without the risk of liability"); *see also* **Exhibit F**, Papik Aff. at ¶¶ 9-10 (Plaintiff's co-worker, Defendant Ludwig, complained about Plaintiff's threatening behavior to Branch Manager Papik).

40. As Plaintiff acknowledges, binding Court of Appeals precedent in *Lovelace v. Van Tine*, 545 S.W.3d 381, 384 (Mo. Ct. App. 2018) is controlling, and so Count III of Plaintiff's Amended Petition is barred as a matter of law. *See* **Exhibit B**, Pl.'s Opp. Def. Ludwig's Mot. Dismiss or Sever Count III Am. Pet.

41. Faced with controlling precedent, Plaintiff invites the Court to do what it cannot — overrule the Court of Appeals. *See Trunnel v. Mo. Higher Educ. Loan Auth.*, 635 S.W.3d 193, 199 n.3 (Mo. Ct. App. 2021) (recognizing that a trial court has "no authority but to follow appellate court precedent").

42. Thus, as Plaintiff acknowledges, Missouri precedent forecloses Plaintiff's claim of defamation alleged against Defendant Ludwig, which was fraudulently joined in an

inappropriate effort to circumvent this Court's jurisdiction.

43. As a result, Defendant Ludwig's citizenship must be disregarded, and he need not join in this Notice of Removal. *Thorn v. Amalgamated Transit Union*, 305 F3d 826, 833 (8th Cir. 2002) ("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined.").

**C. The Amount in Controversy Exceeds $75,000.**

44. In accordance with 28 U.S.C. § 1332, the amount in controversy in this case exceeds $75,000.

45. The amount in controversy determination utilizes a "permissive standard"—the "question is not whether the damages <u>will</u> exceed the jurisdictional amount, but whether a fact finder <u>might legally find</u> that the damages exceed that amount." *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014) (emphasis added).

46. Here, Plaintiff does not allege a specific amount of damages, instead categorically requesting "actual and punitive damages," including "economic harm, emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other losses." *See* **Exhibit C**, Amend. Pet. ¶¶ 51 and Count I, WHEREFORE clause.

47. Before his employment ended on February 10, 2021, Plaintiff was earning a base wage of $40.74 per hour, plus benefits. **Exhibit F**, Papik Aff. ¶ 5.

48. During his employment with Ferguson Fire & Fabrication, Plaintiff was regularly scheduled for 30-to-40-hour workweeks, earning about $1,200-1,600 per week. **Exhibit F**, Papik Aff. ¶ 5.

49. From the date of his termination on February 10, 2021, to the date of this filing, 79 weeks have passed.

50. For that time period alone, conservatively assuming only 30 hours per week, and assuming Plaintiff worked no overtime, received no raises, and was eligible for no benefits, Plaintiff's alleged back-pay damages alone would total <u>about $95,000</u> — $20,000 more than the $75,000 threshold.

51. Then, even if trial could occur in just another 52 more weeks, Plaintiff's alleged back-pay damages would be over $150,000.

52. That amount in controversy does not take into account punitive damages or attorney's fees, which are requested by Plaintiff and also available under the MHRA. *See* Mo. Rev. Stat. § 213.111.

53. Considering the availability of, and request for, punitive damages, and looking at jury verdicts awarded in other cases alleging violations of the MHRA, the amount in controversy in this case unmistakably exceeds $75,000:

- *Hunter v. Harley Davidson Motor Co. Inc*, Case No. 18AE-CC00420 (Mo. Cir Ct. Platte County, 2021): over $4,000,000 in total damages awarded.

- *Abernathy v. McCray Lumber Co.*, Case No. 20CY-CV02160 (Mo. Cir. Ct. Clay County, 2021): over $1,700,000 in actual and punitive damages awarded.

- *Barrios v. Missouri Department of Corrections*, Case No. 1716-CV16646 (Mo. Cir. Ct. Jackson County, 2019): $200,000.00 in actual and punitive damages awarded.

- *Hartmann v. Astellas Pharma U.S., Inc.*, Case No. 1616-CV08024 (Mo. Cir. Ct. Jackson County, 2018): $6,432,001.00 in actual and punitive damages awarded.

- *Daniels v. State of Missouri, Department of Social Services*, Case No. 1516-CV24116 (Mo. Cir. Ct. Jackson County, 2017): over $4,000,000 in actual and punitive damages awarded.

- *Loving v. Westfall O'Dell, Inc., KC Freightliner Sales, Inc.*, Case No. 07CY-CV08835 (Mo. Cir. Ct. Clay County, 2009): $375,000.00 in actual and punitive damages awarded.

54. In short, the amount in controversy in this case far exceeds the $75,000 threshold required to confer this Court with diversity jurisdiction under § 1332.

**D. Alternatively, if the fraudulent joinder doctrine does not apply, Plaintiff's defamation claim against Defendant Ludwig should be severed and remanded.**

55. While this Court should find that Plaintiff fraudulently joined Defendant Ludwig by alleging a legally baseless and unsupportable claim of defamation, Count III of Plaintiff's Petition should alternatively be severed and remanded from the remainder of this case brought against the Company Defendants for Plaintiff's allegedly unlawful termination in violation of the MHRA (Count I) and for the alleged violation of Missouri's Letter of Dismissal Statute (Count II).

56. Fraudulent misjoinder arises when a plaintiff procedurally joins a claim against a non-diverse defendant for the purpose of destroying diversity jurisdiction, though the claim has "no real connection with the controversy." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

57. In that regard, Plaintiff might argue that the allegedly defamatory statements were not made in the workplace setting in an attempt to avoid the applicability of intra-corporate immunity.

58. However, Plaintiff cannot both claim that the allegedly defamatory statements made by Defendant Ludwig were (1) raised to Plaintiff's supervisors, resulting in his allegedly unlawful termination, *and* (2) *not* directed to Plaintiff's supervisors.

59. Thus, to the extent this Court might agree that the intra-corporate immunity for some reason does not apply to Count III of Plaintiff's Amended Petition, then this Court should reason that Count III must be based on independent facts and issues separate from the rest of this lawsuit, which focuses on the cessation of Plaintiff's employment relationship with Defendant Ferguson Fire & Fabrication, and should therefore sever and remand Count III of Plaintiff's

Amended Petition.

## CONCLUSION

As explained above, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity exists among all of the properly joined parties in this case, and the amount in controversy far exceeds the $75,000 jurisdictional threshold. This action is therefore properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

The Company Defendants reserve the right to amend or supplement this Notice of Removal and further reserves any and all defenses to the claims alleged by Plaintiff.

Respectfully submitted,

*/s/ Benjamin A. McMillen*
Benjamin A. McMillen, #63086
Michaeli M. Hennessy, #72841
**HUSCH BLACKWELL LLP**
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816.983.8000
Facsimile: 816.973.8080
Ben.Mcmillen@huschblackwell.com
Michaeli.Hennessy@huschblackwell.com

Adam C. Doerr, #64816
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1958
Facsimile: 314.480.1505
Adam.Doerr@huschblackwell.com

*Counsel for Defendants*
*Ferguson Enterprises, LLC and*
*Ferguson Fire & Fabrication, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 22nd day of August, 2022. Notice of this filing will be sent to all parties by operations of the Court's Electronic filing system. Parties may access this filing through the Court's system.

                                                                         */s/* Benjamin A. McMillen