# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES LAMISON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-00546-CV-W-LMC |
| FERGUSON ENTERPRISES, LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand and Suggestions in Support (Doc. #9), Defendant Klint Ludwig's Motion to Dismiss Count III of Plaintiff's Amended Petition or Alternative Motion to Sever (Doc. #9-1 at 2-5), and Plaintiff's Application for Clerk's Entry of Default and Motion for Default Judgment Against Klint Ludwig (Doc. #29).

### I. BACKGROUND

From late 2014 to early 2021, Plaintiff was employed by Ferguson Enterprises, LLC, and worked at a business named Ferguson Fire & Fabrication. (Doc. #1-4 at ¶¶3, 8.) Plaintiff alleges that during the summer of 2020, "a Ferguson employee started putting magnets on the forklift at work that included pentagrams, depictions of Satan, Black Lives Matter, Antifa, and ACAB, which stands for All Cops are Bastards." (Doc. #1-4 at ¶24.) Additionally, an employee wore a shirt that said, "Hail Satan." (Doc. #1-4 at ¶25.) Based on training sessions in the fall of 2020, Plaintiff raised concerns "that the display of religious, racial, and politically offensive images was creating a hostile work environment [based on race and religious discrimination] for several employees." (Doc. #1-4 at ¶¶ 27, 28.) Plaintiff was also concerned about a hostile work environment based on race when an employee discussed "white privilege." (Doc. #1-4 at 4 ¶29).) In January of 2021,

an employee who had previously displayed the allegedly offensive material reported to management that Plaintiff had threatened him. (Doc. #1-4 at ¶31.) Plaintiff denied threatening the other employee and informed management of the behavior that he alleges caused a hostile environment. (Doc. #1-4 at ¶¶33, 34.) Plaintiff alleges that the offensive material remained on display. (Doc. #1-4 at ¶36.) On February 8, 2021, Plaintiff removed allegedly offensive material from Ferguson company property and destroyed them. (Doc. #1-4 at ¶37.) He also covered up some allegedly offensive material. (Doc. #1-4 at ¶39.) Plaintiff was fired on February 10, 2021. (Doc. #1-4 at ¶41.) Approximately a month-and-a-half after his firing, Plaintiff requested a letter of dismissal pursuant to Mo. Rev. Stat. § 290.140, and was provided a letter that allegedly contained false reasons for his termination. (Doc. #1-4 at ¶¶42, 43.)

Plaintiff's initial Petition against Defendants Ferguson Enterprises, LLC and Ferguson Fire & Fabrication, Inc. (the Ferguson Defendants) was filed in the Circuit Court of Jackson County, Missouri on June 10, 2022. (Doc. #1-2 at 3.) On July 21, 2022, Defendant Klint Ludwig filed a motion to dismiss Count III of the Petition. (Doc. #1-2 at 2.) On July 29, 2022, Plaintiff filed an Amended Petition alleging that Ferguson retaliated against him in violation of Mo. Rev. Stat. § 213.070 (Count I), and that Ferguson violated the letter of dismissal statute (Count II). (Doc. #1-2 at 1; Doc. #1-4.) Plaintiff also alleges that Defendant Klint Ludwig defamed him by making false statements about him to managers, officers or supervisors employed by Ferguson Enterprises, LLC (Count III). (Doc. #1-4 at 7-8.) Defendant Ludwig was not a manager, officer, or supervisor at the time the statements were made. (Doc. #1-4 at ¶60.) Again, Defendant Ludwig filed a motion to dismiss or in the alternative to sever. (Doc. 1-2 at 1.) The Circuit Court of Jackson County, Missouri had not yet ruled on Defendant Ludwig's motion when the matter was removed, based

2

on diversity jurisdiction, to this Court by the Ferguson Defendants on August 22, 2022. (Doc. # 1 at 3; Doc. # 1-2.)

## II. STANDARD

Generally, a civil case brought in state court may be removed by a defendant to federal court, "only if it could have been brought in federal court originally." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996); 28 U.S.C. §1441(b). As a court of limited jurisdiction, it is essential that jurisdiction be established as a threshold matter. *Godfrey v. Pulitzer Pub'l Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). The party seeking removal has the burden of showing that this Court has subject matter jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts concerning federal jurisdiction must be resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

When jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the plaintiff and defendants and the amount in controversy must exceed $75,000.00. 28 U.S.C. §1332(a). The removing party bears the burden of establishing these requirements. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Furthermore, a matter cannot be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2).

## III. DISCUSSION

As noted above, Defendant Ludwig filed a motion to dismiss while this matter was still in the Circuit Court of Jackson County, Missouri, wherein Defendant Ludwig argues that the intra-corporate immunity doctrine applies, thereby defeating a claim for defamation. (Doc. #9-1 at 2-4.) Similarly, when the Ferguson Defendants removed the matter to this Court, they argued that that Defendant Ludwig's citizenship should be disregarded because he was fraudulently joined as

the intra-corporate immunity doctrine defeats the claim for defamation. (Doc. #1 at 5-9.) Plaintiff, in his motion to remand, argues that Defendant Ludwig was not fraudulently joined.

Following oral argument on the motion to remand, Plaintiff filed Plaintiff's Application for Clerk's Entry of Default and Motion for Default Judgment Against Klint Ludwig (Doc. #29), arguing that Defendant Ludwig was in default because he failed to file an answer in this matter in accordance with Rule 81 of the Federal Rules of Civil Procedure.

    A. <u>Motion to Remand</u>

In removing this matter, the Ferguson Defendants argued that Defendant Ludwig's citizenship should be disregarded because he was fraudulently joined. (Doc. #1 at 5-9.) Plaintiff moves for remand arguing that Defendant Ludwig was not fraudulently joined and that "even if Count III is subject to dismissal, Plaintiff has a good faith argument for reversal, based on conflicting opinions from the Missouri Court of Appeals and Supreme Court." (Doc. #9 at 1.)

"[F]raudulent joinder [is] an exception to the complete diversity rule." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). A fraudulent joinder is the "filing of a frivolous or otherwise illegitimate claim against a nondiverse defendant solely to prevent removal[.]" *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). A party has been fraudulently joined when, under state law, it is clear that there exists no cause of action against the non-diverse defendant under governing state law. *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021). Where, however, "there is a 'colorable' cause of action– that is, if the state law *might* impose liability on the resident defendant under the facts alleged– then there is no fraudulent joinder." *Filla*, 336 F.3d at 810 (citation omitted). The removing party has the burden of showing that the resident defendant's joinder is fraudulent. *Polito v. Molasky*, 123 F.2d 258, 260 (8th Cir.

4

1941). Therefore, the case must be remanded unless the removing party can show that the non-diverse defendant was fraudulently joined. *Filla*, 336 F.3d at 809.

The only allegation against Defendant Ludwig is a claim for defamation in Count III. Defamation requires proof that there was a "1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation." *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. 2017) (quoting *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 598-99 (Mo. banc 2013)).

Plaintiff argues that under *Rice v. Hodapp*, 919 S.W.2d 240 (Mo. 1996), Defendant Ludwig's "conversation with management involved two legal persons, and there is no absolute privilege. If the qualified privilege applies, Plaintiff adequately alleges Ludwig is not immune because Ludwig knew his statements were false when he said them." (Doc. #9 at 7.) Meanwhile, Defendants argue "that the intra-corporate immunity doctrine protects Defendant Ludwig's reports of Plaintiff's threatening conduct to the Defendant Company's supervisors[,]" and therefore Defendant Ludwig was fraudulently joined. (Doc #13 at 7-11.) A careful reading of the parties' arguments makes clear that the parties are not in agreement as to the legal theory that applies to this matter. Therefore, this Court will take a closer look at the inter-corporate immunity doctrine and the defense of qualified privilege.

In 1963, the Missouri Supreme Court adopted the intra-corporate immunity rule finding that the "better and majority rule that communications between officers of the same corporation in the due and regular course of the corporate business, or between different offices of the same corporation, are not publications to third persons." *Hellesen v. Knaus Truck Lines*, 370 S.W.2d 341, 344 (Mo. 1963). The intra-corporate immunity "rule rests on the premise that a corporation

5

can only communicate through its employees, the writings prepared in the ordinary course of business and distributed within the corporate structure. Therefore, they are not "publications to third persons" within the required proofs of the defamation tort." *Lovelace v. Long John Silver's, Inc.*, 841 S.W.2d 682, 684 (Mo. Ct. App. 1992).

The *Hellesen* decision actually deals with both legal theories (the inter-corporate immunity doctrine and the defense of qualified privilege), as there were two separate sets of communication at issue. The plaintiff in *Hellesen* was employed as an over-the-road trucker with defendant and was a member of Local 41 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union"). *Hellesen*, 370 S.W.2d at 342. Per the terms and conditions of employment, a warning notice to an employee was to be provided to the employee and to the Union. *Id.* Plaintiff alleged that defendant committed defamation by placing a warning notice containing false statements in his file and forwarding the same to the Union. *Id.* at 342-43. The court found that the warning notice placed in the defendant's files was protected by the intra-corporate immunity rule and was not a publication to a third person. *Id.* at 344. Because there was no publication, the statement did not meet the definition of defamation. *Id.*

The second communication occurred when the defendant sent a warning notice to the Union. *Id.* at 345. In that instance, the court implicitly found that the communication was published to a third person, and therefore any applicable defense may apply. *Id.* There are three defenses to defamation in the common law: (1) truth is an absolute defense; (2) some specific statements are considered absolutely privileged; and (3) some statements "receive a conditional or qualified privilege." *Henry v. Halliburton*, 690 S.W.2d 775, 780 (Mo. 1985). The common law allows for two types of qualified privileges: (1) the doctrine of fair comment, and (2) when the statement was made under circumstances where the communication was

6

> made in good faith, without actual malice, with reasonable or probable grounds for believing them to be true, upon a subject matter in which the author of the communication has an interest, or in reference to which he has a duty, public, personal, or private, either legal, judicial, political, moral, or social, made to a person having a corresponding interest or duty.

*Id.* at 781. The *Hellesen* court determined that the second communication was absolutely privileged because the individual against whom the allegedly defamatory communication was made, consented to the publication. *Hellesen*, 370 S.W.2d at 345. The court's discussion of the second statement, however, did not apply the intra-corporate immunity rule.

Similarly, in *Rice*, the case Plaintiff heavily relies upon, the court was also grappling with two different types of statements: (1) statements between supervisors that were found to not be publications under the intra-corporate immunity doctrine, and (2) statements made by supervisors to non-supervisory employees, which were found to be a publication and subject to the defense of qualified privilege. *Rice*, 919 S.W.2d at 243-44. With regard to the second set of statements, the court held that statements by a supervisor to an employee were qualifiedly privileged because the statements were "made in good faith upon any subject-matter in which the person making the communication has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty, although it contains matter which, without such privilege, would be actionable." *Id.* at 244. As noted in *Rice*, if the statements were made with malice, the qualified privilege may be defeated. *Id.* at 244-45. As in *Hellesen*, the court in *Rice* was clearly drawing a distinction between the intra-corporate immunity doctrine and the defense of qualified privilege.

Plaintiff's arguments, however, conflate the doctrine of intra-corporate immunity and the defense of qualified privilege. *See Rice v. St. Louis Univ.*, 2020 WL 3000431, at *7 (E.D. Mo. June 4, 2020) (finding that plaintiff "conflates two distinct doctrines that protect corporate communications in the defamation context: 'intra-corporate immunity,' which dictates that

7

communications among officers and supervisory employees are not 'publications' for defamation purposes, and a qualified privilege that protects some intra-corporate communications to non-supervisors."); *Weisman v. Barnes Jewish Hosp.*, 2020 WL 2800469, at *19 (E.D. Mo. May 29, 2020) (noting the distinction between the qualified privilege and the intra-corporate communications doctrine.) Qualified privilege is a defense to defamation, whereas the intra-corporate immunity rule provides for a mechanism for corporations to be able to carry out business by permitting officers and different offices of the same corporation the ability to communicate with each other without a finding that such communication is a publication for purposes of defamation. Without a finding of publication, there is no defamation.

Because *Rice* involved a supervisor making statements to non-supervisors its relevance is limited in this case. However, the Missouri Court of Appeals, Eastern District's decision in *Lovelace v. Van Tine*, 545 S.W.3d 381 (Mo. Ct. App. 2018) is directly relevant. *Van Tine* involved a physician working in a department who allegedly told a "floating" medical assistant's supervisors not to hire her because she did not "like working with white people." *Van Tine*, 545 S.W.3d at 382. The court defined the circumstance as a non-supervisory employee informing supervisors of personnel matters involving the employee. *Id.* at 384. Analyzing *Rice*, the court in *Van Tine* noted that *Rice* "did not discuss statements made by non-supervisory employees to supervisors." *Id.* The court then went on to distinguish an employee to supervisor communication and a supervisor to employee communication and found that "supervisors possessing personnel information do not have the same unqualified necessity to disseminate it to non-supervisory employees, who have no role in the hiring or discipline decisions that are often implicated when these situations arise." *Id.* at 384. An employee bringing "personnel matters to the attention of supervisors[,]" however, is protected by the intra-corporate immunity rule because the corporation

8

Case 4:22-cv-00546-LMC   Document 32   Filed 01/24/23   Page 8 of 13

needs to be able to receive such types of reports to carry on the business of the corporation. *Id.* The *Van Tine* court found that the physician's statement to the supervisors was protected by the intra-corporate immunity doctrine. *Id.*

Plaintiff attempts to create a conflict between *Rice* and *Van Tine* (Doc. #9 at 8-9), but as discussed above, *Rice* involves a very different set of facts than *Van Tine*. Furthermore, both before and after the decision in *Rice*, Missouri courts have applied the intra-corporate immunity rule to situations where an employee in the "due and regular course of corporate business" informs supervisors of personnel matters involving the employee's coworkers. *Long John Silver's, Inc.*, 841 S.W.2d at 685 (finding that claims of sexual harassment made to management by employees against a supervisor fell "within the intra-corporate immunity rule."); *Dean v. Wissmann*, 996 S.W.2d 631, 635 (Mo. Ct. App. 1999) (applying the intra-corporate immunity rule to a professor making statements to the Board of Regents regarding potential misdeeds of a student.) In fact, the Missouri Supreme Court's decision in *Rice* cited approvingly the decision by the Missouri Court of Appeals, Western District in *Long John Silver's*. Therefore, it does not appear that these decisions conflict with *Rice*. Instead of being in conflict, *Rice* and *Van Tine* define the contours of the intra-corporate immunity doctrine.

The Court notes that Plaintiff "concedes the intra-corporate doctrine applies" but goes on to say, "it should provide a qualified immunity because Ludwig was a non-supervisor speaking to a supervisor, and the law treats them as separate legal persons." (Doc. #19 at 3.) As discussed above, Plaintiff has conflated the two doctrines which leads him to argue that *Van Tine* was wrongly decided. (Doc. #19 at 4, 6.) *Van Tine* follows a line of precedent applying the intra-corporate immunity rule to statements by an employee to management regarding personnel matters. Therefore, although Plaintiff characterizes *Van Tine* as shaky precedent, this Court finds

that *Van Tine* is squarely rooted in precedent. Furthermore, *stare decisis* dictates that the Circuit Court would have to follow *Van Tine*, *Long John Silver's, Inc.,* and *Dean*. *See State v. Banks*, 457 S.W.3d 898, 903 (Mo. Ct. App. 2015) (finding that "[t]o the extent this case involves the same or analogous issues as our prior opinion, stare decisis dictates that the trial court follow our prior opinion.")

Finally, Plaintiff argues that a state court *may* find that a cause of action exists and therefore fraudulent joinder does not apply. (Doc. #9 at 8-10.) It is true that in the face of a motion to dismiss, Missouri courts may permit a cause of action to proceed where such cause of action "might be adopted in that case." *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 306 (Mo. 1993). Nevertheless, "[a]lthough the question of whether a plaintiff has fraudulently joined a defendant requires a close analysis of state law, this question is ultimately one of federal law." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 978 (8th Cir. 2011). Plaintiff has failed to point to any precedent which would suggest that *Van Tine*, *Long John Silver's*, and *Dean*, were wrongly decided or that the Missouri Supreme Court would determine that the intra-corporate immunity rule does not shield co-employee's/non-supervisor's statements to management regarding personnel matters. This, coupled with Plaintiff's misunderstanding of the distinction between the doctrines of intra-corporate immunity and the defense of qualified privilege, leads this Court to find that Plaintiff's attempts to argue that courts may decide this matter differently to be futile. *See Monroe v. Consol. Freightways, Inc.*, 654 F. Supp. 661, 663 (E.D. Mo. 1987) ("Plaintiffs' good faith belief that they had a cause of action against defendant Bogle defeats neither his dismissal from the suit for fraudulent joinder nor removal on the basis of diversity jurisdiction.")

To be clear, this Court is deciding this case based on precedent, and not on policy concerns. Both parties have argued the policy concerns (Doc. #28 at 10, 12-13), but as discussed above this

10

Court is tasked only with determining whether there is a colorable cause of action. Therefore, policy concerns have no bearing on this decision.

In this instant matter Defendant Ludwig, a non-supervisory employee, made a report to management regarding a personnel matter. As such, the statements are protected by the intra-corporate immunity rule and are therefore not a publication to a third party. Because state law is clear on this matter, Defendant Ludwig was fraudulently joined.

      B.  <u>Motion for Default Judgment and Motion to Dismiss</u>

Following oral argument in this matter, Plaintiff filed Plaintiff's Application for Clerk's Entry of Default and Motion for Default Judgment Against Klint Ludwig (Doc. #29), wherein he argues that Defendant Ludwig has failed to answer pursuant to Rule 81. Pursuant to Rule 81, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods . . . ." Fed. R. Civ. P. 81. This section, however, must be read in conjunction with Rule 12(b), which permits the filing of a motion to dismiss prior to an answer. In fact, both federal rules and Missouri state rules permit the filing of a motion to dismiss prior to filing an answer, and the filing of a motion to dismiss alters the timeline for filing an answer. Fed. R. Civ. P. 12(a)(4); Mo. R. Civ. P. 55.25(c). Furthermore, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Therefore, this Court finds that Defendant Ludwig is not in default and Plaintiff's motion will be denied.

Having found that Defendant Ludwig was fraudulently joined, this Court turns to Defendant Klint Ludwig's Motion to Dismiss Count III of Plaintiff's Amended Petition or Alternative Motion to Sever. The Court first notes that when Defendant Ferguson removed this matter to this Court, the briefing on the motion was never filed. Instead, Defendant Ferguson filed a copy of Defendant Klint Ludwig's Reply in Support of His Motion to Dismiss Count III of

11

Plaintiff's Amended Petition, which did not contain a court date-and-time stamp. (Doc. #1-3.) A footnote in the removal notice states that the reply, which was filed shortly before notice of removal was filed, was not reflected in the State court's docket sheet and, therefore, the Ferguson Defendants were attaching the reply to the notice of removal. (Doc. #1 at 3.) In their opposition to remand, the Ferguson Defendants assert that "Defendant Ludwig's motion to dismiss is now pending before this Court." (Doc. #13 at 2.). If the Ferguson Defendants truly believed that this matter was ripe for review, Defendants should have filed the motion and briefing in this Court when they removed this matter.

Nevertheless, the full briefing on the motion to dismiss, containing court date-and-time stamps, was filed as an exhibit to Plaintiff's motion to remand. (Doc. #9-1.) The issues and arguments contained in the motion to dismiss are identical to the issues involved in the motion to remand, that is whether there is a viable, or plausibly viable, cause of actions pursuant to *Hellesen* and *Rice*. (Doc. #9-1.) These issues have been fully explored *supra*. It is clear that no cause of action exists and therefore Count III, the count against Defendant Ludwig, must be dismissed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (holding that to survive a motion to dismiss a complaint must contain "enough facts to state a claim to relief that is plausible on its face."). Therefore, Count III of the Amended Petition will be dismissed.

IV. CONCLUSION

As set forth above, Defendant Ludwig was fraudulently joined and as such his citizenship should be disregarded. The Court finds that the undersigned has jurisdiction pursuant to 28 U.S.C. § 1332(a). It is therefore

ORDERED that Plaintiff's Motion to Remand and Suggestions in Support (Doc. #9) is DENIED. It is further

12

Case 4:22-cv-00546-LMC   Document 32   Filed 01/24/23   Page 12 of 13

ORDERED that Plaintiff's Application for Clerk's Entry of Default and Motion for Default Judgment Against Klint Ludwig (Doc. #29) is DENIED. It is further

ORDERED that Defendant Klint Ludwig's Motion to Dismiss Count III of Plaintiff's Amended Petition or Alternative Motion to Sever (9-1) is GRANTED and Count III is dismissed.

        */s/ Lajuana M. Counts*
        LAJUANA M. COUNTS
        UNITED STATES MAGISTRATE JUDGE